Filed 8/22/24  P. v. Frye CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100389 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F01393) |
| v. | |
| KARLOS FRYE, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216.

FACTS AND HISTORY OF THE PROCEEDINGS

On March 21, 2000, a jury found defendant Karlos Frye guilty of attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a)); count one) [unless otherwise stated, statutory section citations that follow are found in the Penal Code], assault with a

1

semiautomatic firearm (§ 245, subd. (b); count two), and being a felon in possession of a firearm (§ 12021, subd. (a); count three). The jury also found true numerous enhancements, including that defendant had intentionally and personally discharged a gun proximately causing great bodily injury in the attempted murder (§§ 12022.53, subds. (b), (c), (d), 12022.7, subd. (a)) and that defendant committed the attempted murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Finally, the trial court determined he had suffered a prior prison term (§ 667.5, subd. (b)). He was sentenced to an aggregate prison term of 40 years to life for the attempted murder and related enhancements plus 23 years for the other offenses and enhancements. We upheld this judgment in an unpublished opinion issued in 2002. (*People v. Frye* (Feb. 6, 2002; C037768) [nonpub. opn.].)

Thereafter, on July 26, 2023, defendant filed an in propria persona petition for resentencing under section 1172.6. Counsel was appointed and briefing followed. The prima facie hearing occurred on December 29, 2023, and the trial court took the matter under submission.

On January 31, 2024, the trial court issued a written order denying defendant's petition for relief because "the record of conviction conclusively proves the jury convicted petitioner of attempted murder under a still-valid theory of liability." Specifically, the jury instructions given required the jury to find that defendant had harbored " 'express malice aforethought,' " and the jury had not been instructed "on the natural and probable consequences theory or any other theory of vicarious liability."

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

2

to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that, "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court set forth applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

Defendant raises several arguments challenging the proceedings leading to his original attempted murder conviction and sentence. These arguments are not cognizable in this appeal. Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) Moreover, defendant's arguments on appeal acknowledge his jury was not instructed on the natural and probable consequences theory, thus underscoring his ineligibility for relief.

DISPOSITION

The judgment is affirmed.

                                     _____

                                     HULL, Acting P. J.

We concur:

_____

BOULWARE EURIE, J.

_____

WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.